[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11240

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BETTY J. JACKSON,
a.k.a. Betty Joe Streeter,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:20-cr-00033-MCR-2

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Betty J. Jackson appeals the procedural and substantive reasonableness of her 120-month sentence for arson. She contends that the district court abused its discretion by attaching too much weight to her criminal history. Because Jackson's criminal history was a relevant factor for which the district court was entitled to give great weight, and Jackson's guidelines-range sentence was reasonable under the totality of the circumstances, the district court did not abuse its discretion. We affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The appellant has the burden of proving that the "sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). A sentence is procedurally unreasonable if the district court commits a significant procedural error, such as improperly calculating the Guidelines range, "treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chose sentence." *Gall*, 552 U.S. at 51. The § 3553(a) factors include the nature and circumstances of the offense and characteristics of the defendant; the kinds of sentences available; the guideline sentencing range; the need of the sentence imposed to reflect the

seriousness of the offense, afford adequate deterrence, and protect the public; and the need to avoid unwarranted sentence disparities among similarly situated defendants.  18 U.S.C. § 3553(a).  "Nothing requires the district court to discuss each of the factors, and an acknowledgment that it has considered each will suffice." *United States v. Dougherty*, 754 F.3d 1353, 1359 (11th Cir. 2014).

We examine whether a sentence is "substantively unreasonable under the totality of the circumstances." *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  A sentence is substantively unreasonable if the district court: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).  We will only vacate a sentence as substantively unreasonable if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quotation marks omitted).  "[A] district court commits a clear error of judgment when it considers the proper factors, but balances them unreasonably." *Id.* at 1189.  Although the district court must consider each of the § 3553(a) factors, it "can attach 'great weight' to one factor over others. *Cubero*, 754 F.3d at 892 (quoting *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009)).  "We ordinarily expect a sentence within the Guidelines range to be

reasonable." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). That a sentence is below the statutory maximum is another indicator of reasonableness. *Id.*

Here, Jackson's argument for procedural unreasonableness is really an argument about substantive unreasonableness. Instead of arguing that the court improperly calculated the Guidelines range or that the court failed to consider certain factors, Jackson argues that the court improperly weighed the factors, placing too much weight on her criminal history and not enough on other factors. Jackson's 120-month sentence was substantively reasonable under the totality of the circumstances. Jackson played an integral role in the commission of a serious felony. She did so after many prior convictions, including for burning down a home, using gasoline, that had three people inside. The district court was allowed to attach great weight to Jackson's criminal history, *Cubero*, 754 F.3d at 892, and the record reflects that it also weighed other relevant sentencing factors, *Dougherty*, 754 F.3d at 1359 (providing that an acknowledgement of the factors is sufficient). The district court, thus, did not abuse its discretion in imposing a sentence at the bottom of the Guidelines range and well below the statutory maximum. Accordingly, we affirm.

**AFFIRMED.**